Filed 10/21/14  P. v. Denham CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DONTE DENHAM,<br><br>    Defendant and Appellant. | B251995<br><br>(Los Angeles County<br>Super. Ct. No. BA409121) |

THE COURT:*

Donte Denham (Denham) was convicted of possession for sale of a controlled substance in violation of Health and Safety Code section 11351.  At sentencing, the trial court granted a motion pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 with respect to an admitted prior strike conviction.  Denham waived his custody credit, and the trial court sentenced him to the upper term of four years, ordered him to register as a narcotic offender and pay a $280 restitution fine, a $30 conviction fee, a $40

---

\*      ASHMANN-GERST, Acting P. J., CHAVEZ, J., FERNS, J.†

†      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

court security fee, and a $50 laboratory analysis fee.  The trial court suspended a $280 parole revocation fine.  Denham appealed.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*) and asked us to conduct an independent review of the record.  On June 27, 2014, we notified Denham of his counsel's brief and gave Denham leave to file, within 30 days, his own brief or letter stating any grounds or argument he wishes for us to consider.  Denham did not file a brief or letter.  Upon review, we conclude that there are no arguable issues and affirm the judgment.

The record establishes the following facts and procedural history:

While patrolling an area known for the blatant sale and consumption of heroin and cocaine base, two Los Angeles police officers entered an abandoned lot where homeless people were living under a large tarp.  Inside of an adjacent shack, the officers encountered Denham and two other men.  One of the officers saw Denham holding a clear plastic bindle that contained multicolored balloons.  Upon seeing the officer, Denham quickly placed the bindle in his right front pants pocket.  The officers ordered Denham and the two other men out of the shack.  Soon after, a narcotics officer searched Denham's pocket and removed nine balloons plus $93 in cash.  From the shack, officers recovered a clear plastic bindle containing an off-white substance, a clear plastic bindle containing multicolored balloons, two scales, and a razor blade.  In addition, they recovered $247 and some change laying on top of a mattress.

After Denham was charged with violating Health and Safety Code section 11351, he filed a motion pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 seeking accusations against the first two officers on the scene, and any evidence that they had previously engaged in acts of misconduct.  According to Denham, those officers violated his constitutional rights by submitting a false police report, and by committing perjury at the preliminary hearing.

2

The trial court conducted an in camera hearing and reviewed the complaints filed against the two patrolling officers.  With respect to one officer, the trial court found nothing subject to disclosure.  As to the second officer, the trial court ordered the disclosure of seven different complaints.

At trial, the parties stipulated that one balloon contained cocaine base and one contained heroin.  The prosecution expert offered his opinion that Denham possessed the heroin for sale.

After an examination of the entire record, we are satisfied that Denham's appellate counsel has fully complied with his responsibilities and that no arguable issue exists.  We conclude that he has received adequate and effective appellate review of the judgment entered against him by virtue of counsel's compliance with the *Wende* procedure and our review of the record.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123124.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.